United States Courts
Southern District of Texas
ENTERED

JUL 3 0 2003

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, § § § § | H-03 -2877 |
| Plaintiff, § § | Civil Action No. |
| v. § § | |
| J.P. MORGAN CHASE & CO., § § | |
| Defendant. § § § | |

### FINAL JUDGMENT AGAINST J.P. MORGAN CHASE & CO.

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant J.P. Morgan Chase & Co. ("Chase") having entered a general appearance; consented to the Court's jurisdiction over Chase and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived filing of an answer and the entry of findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and the Commission having agreed that, on the basis of this Final Judgment, it will not institute a proceeding against Chase pursuant to Sections 15(b), 15B, 15C, or 19(h) of the Securities Exchange Act of 1934 (the "Exchange Act") :

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Chase, its agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who

receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Chase shall pay a total of $135,000,000: $65,000,000 representing disgorgement, prejudgment interest thereon in the amount of $5,000,000, and a civil penalty of $65,000,000 pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. This Court takes notice that upon the filing of the Commission's Complaint in this action, Chase deposited $135,000,000 in funds into the Registry of the Court pursuant to its Consent and to satisfy its obligation to the United States Securities and Exchange Commission. This Court assumes continued jurisdiction and control of the funds. By making this payment, Chase relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Chase. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS"). These

funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund, including the portion designated as payment of the civil penalty, shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that regardless of whether any such Fair Fund distribution is made, the amount ordered to be paid as a civil penalty pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Chase shall not, in any Related Investor Action, benefit from any offset or reduction of any investor's claim by the amount of any Fair Fund distribution to such investor in this action that is proportionately attributable to the civil penalty paid by Chase ("Penalty Offset"). If the court in any Related Investor Action grants such an offset or reduction, Chase shall, within 30 days after entry of a final order granting the offset or reduction, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this judgment. For purposes of this paragraph, a "Related

Investor Action" means a private damages action brought against Chase by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Chase shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 28, 2003

_____
UNITED STATES DISTRICT JUDGE



-4-